1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE I. BUTLER, | CASE NO.    1:09-cv-02074-MJS (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| JONG YEOUNG MOON , M.D. et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Maurice I. Butler ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 18, 2009 in the Central District of California; it has since been transferred to this Court.  (ECF Nos. 1, 5, & 6.)  No other parties have appeared.  Plaintiff's Complaint is now before this Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II.  SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.  SUMMARY OF COMPLAINT

Plaintiff suffers from glaucoma and foot and shoulder problems, among other

ailments.  He alleges he received inadequate medical care for these conditions. Plaintiff names the following individuals as Defendants: Jong Yeoung Moon, M.D.; William McGuiness, M.D.; J. Wang, M.D.; and Loadholt, R.N.  Plaintiff seeks compensatory, consequential, future, unliquidated, and punitive damages.

More specifically, Plaintiff alleges:

A. **Eye Problems**

On April 8, 2008, Plaintiff was seen by Defendant Moon, his primary healthcare provider.  Plaintiff informed Dr. Moon that he needed an appointment with an eye specialist in three weeks so he could have the pressure released in one eye (as it had earlier been released in the other eye).  Plaintiff did not, however, get to see the eye specialist until November 2008.  During the intervening eight months, Plaintiff saw Dr. Moon several times (May 13, June 27, August 25 and September 3, 2008) primarily for asthma treatment, but always complained about his eyes.  Dr. Moon repeatedly told Plaintiff that he could do nothing about his glaucoma.  He also refused to tell Plaintiff to stop using prescribed eye drops which Plaintiff felt increased his pain.

At his appointment with the specialist in November 2008, Plaintiff refused to be treated for the glaucoma, electing instead to receive treatment for dry eye syndrome.  He was to have a follow-up appointment with the specialist in two weeks, but was not taken to the specialist for over 90 days.  Plaintiff was seen by the specialist on May 15, 2009 and July 10, 2009; however,  as of October 27, 2009, he had received no additional treatment.

**Foot Problems**

Plaintiff saw a nurse on June 8, August 3, August 12, and August 29, 2008 for foot

and shoulder pain.   The nurse recommended Plaintiff be seen by a doctor.   At his

appointment with Dr. Moon, Dr. Moon asked Plaintiff which foot hurt worse.   He took an x-

ray of that foot, but refused to x-ray the other foot.   Another doctor ordered that Plaintiff's

other foot be x-rayed on June 27, 2008.   The radiology report showed evidence of an acute

displaced fracture or dislocation.   Dr. Moon did not do any follow-up.

On August 18, 2008, Plaintiff was seen by a podiatrist who recommended shoe

inserts temporarily and eventually boots.   Plaintiff received no inserts for months, and then

received the wrong type.   Eventually, he received the wrong size of boots and had to wait

months for the correct size.   Plaintiff now walks a lot slower and wobbles because of the

deformity of his feet.

**Shoulder Problems**

On September 18, 2008, Plaintiff had an x-ray and MRI on his right shoulder.   He

had been receiving pain medication since then.   In December 2008, Plaintiff was seen by

a specialist who recommended surgery.   Plaintiff had not received shoulder surgery as of

the date of drafting of this Complaint.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.   "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws."   Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

1997) (internal quotations omitted).

### A.    Medical Care

Plaintiff apparently feels he received inadequate medical care in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

5

(citing <u>Estelle</u>, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>see also</u> <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin</u>, 974 F.2d at 1050, overruled on other grounds, <u>WMX</u>, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

<u>Eye Problems</u>

Plaintiff alleges that Dr. Moon failed and refused to treat Plaintiff's glaucoma and, further, negligently prescribed an asthma inhaler containing steroids with potentially dangerous side-effects for glaucoma patients.

Plaintiff fails to allege facts which would indicate Dr. Moon showed a conscious disregard of excessive risk and expose the doctor to liability under Eighth Amendment.

6

Plaintiff states that he was supposed to have another pressure releasing procedure within two or three weeks after his first one, but, as far as the Court can discern, it has not yet occurred.  Plaintiff claims he told Moon, on April 8, 2008, that he needed an appointment for the second procedure and attributes the lack of follow-up to Dr. Moon.  An allegation that Moon failed to schedule follow-up appointments is not sufficient to state a claim unless Plaintiff can demonstrate that Dr. Moon was not merely negligent, but deliberately or callously chose not to schedule a medical appointment for Plaintiff knowing that doing so would expose Plaintiff to an excessive risk of harm.  Plaintiff has not alleged this.  Plaintiff's allegations here and with regard to prescribing the steroid inhaler attribute nothing more than negligence to Dr. Moon.   Though, as noted,  negligence alone is not enough to state a claim, even a negligence claim would be somewhat inconsistent with the fact that Plaintiff was seen multiple times by several different doctors and specialists, yet none apparently saw fit to act differently than Dr. Moon.

Plaintiff also fails to allege that he suffered any additional harm as a result of the delay.  In fact, when Plaintiff saw the specialist eight months later, he elected to forego the pressure releasing procedure.  This suggests that the delay did not cause any further harm and, apparently in the Plaintiff's mind, is not likely to cause harm in the future.

In summary, the Court finds that Plaintiff has failed to stated a claim against Dr. Moon for inadequate medical care.  The claim will be dismissed leave to amend to enable Plainitff to undertake to state a claim consistent with applicable law if the facts support it.

Foot Problems

Plaintiff has also fails to state a claim against any named Defendants for inadequate medical care in relation to his foot problems.  Plaintiff alleges that Dr. Moon failed to treat

7

his feet and failed to follow-up on treatment recommended by the specialist.  However, it does appear that Plaintiff received treatment: He saw a nurse at least four times about his feet, Dr.Moon took an x-ray of one foot, another doctor took an x-ray of the other foot, Plaintiff saw the podiatrist, and eventually received shoe inserts and other accommodations.  A failure to provide Plaintiff the care he believes most appropriate when he feels it should have been provided does not reach the level of a constitutional violation.

As pleaded, Plaintiff has not alleged deliberate indifference on the part of Dr. Moon.  Dr. Moon's request that Plaintiff be seen by a specialist is inconsistent with deliberate indifference.  Plaintiff alleges substantial delay in receiving  the recommended shoe inserts, but does not demonstrate how or if Moon knew that the specialist had recommended these devices and callously disregarded Plaintiff''s need for them.  Here too Plaintiff fails to state a claim.  This claim is dismissed with leave to amend.

Shoulder Problems

Agaihn, Plaintiff fails to demonstrate that any Defendant knew of and recklessly disregarded the recommendation for surgery.  Plaintiff simply states that after the specialist's recommendation was sent to Corcoran, no action was taken in response.  Plaintiff does not state that any of the Defendants had knowledge of the recommendation or were deliberately indifferent to it.  Thus, Plaintiff's shoulder claim is dismissed; he will be given leave to amend.

Defendants Loadholt, Wang, and McGuiness

Plaintiff repeatedly states that Loadholt, Wang, and McGuiness failed to secure follow-up appointments and treatment for Plaintiff for his many ailments.  Plaintiff does not allege that said Defendants were aware that Plaintiff needed follow-up appointments and

knowingly or callously failed to make those appointments knowing of the excessive risk to Plaintiff's health from such failure and that Plaintiff suffered harm as a result. Thus, Plaintiff's claims against these three defendant's Loadholt, Wang, and McGuiness are dismissed, albeit with leave to amend.

**B.    Policies and Practices**

Plaintiff may be alleging that Defendants violated prison policy or practices in failing to ensure proper follow-up treatment. An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim. See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)). "In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy." Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007). Accordingly, Plaintiff's allegation that Defendants violated Section 1983 by failing to comply with prison policies or practices fails to state a claim upon which relief could be granted. Plaintiff will have leave to amend this claim, but may wish to consider whether it more clearly fits as part and parcel of the deficient medical care claim. If so, Plaintiff may be well-advised to concentrate instead on the medical claim.

**C.    Personal Participation and Supervisory Liability**

Plaintiff suggests that Defendants Loadholt, Wang, and McGuiness had responsibility for securing follow-up appointments and those appointments were not set. He does not otherwise attribute any wrongful act or omission to them. It does not appear that any of them actually treated or should have treated Perhaps, Plaintiff seeks to hold them liable for the conduct of their subordinates.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v.

10

1   Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must

2   show that Defendant breached a duty to him which was the proximate cause of his injury.

3   Id.  "'The requisite causal connection can be established . . . by setting in motion a series

4   of acts by others which the actor knows or reasonably should know would cause others to

5   inflict the constitutional injury.'"  Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th

6   Cir. 1978)).   However, "where the applicable constitutional standard is deliberate

7   indifference, a plaintiff may state a claim for supervisory liability based upon the

8   supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star

9   v. Baca, ___ F.3d ___, 2011 WL 477094, *4 (9th Cir. Feb. 11, 2011).

10

11          Plaintiff has not alleged facts demonstrating that the named Defendants personally

12  acted to violate his rights.   Plaintiff needs to specifically link each Defendant to a

13  constitutional violation  Plaintiff shall be given the opportunity to file an amended complaint

14  curing the deficiencies in this respect.

15

16  **V.      CONCLUSION AND ORDER**

17          The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon

18  which relief may be granted.   The Court will provide Plaintiff time to file an amended

19  complaint to address the potentially correctable deficiencies noted above.  See Noll v.

20  Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must

21  demonstrate that the alleged incident or incidents resulted in a deprivation of his

22  constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual

23  matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting

24  Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally

25  participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

26

27

Although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-2074-MJS (PC); and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    March 21, 2011            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE