UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE F. BUTLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JONG YEOUNG MOON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-02074-MJS (PC)<br><br>ORDER FINDING CLAIM AGAINST DR. MOON COGNIZABLE AND DISMISSING CLAIMS AGAINST ALL OTHER DEFENDANTS FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 14) |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On November 18, 2009, Plaintiff Maurice F. Butler, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 9.)

Plaintiff's Complaint (ECF No. 1) was screened and dismissed, with leave to amend, on March 22, 2011. (ECF No. 11.) Plaintiff's First Amended Complaint (ECF No. 14), filed May 19, 2011, is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The First Amended Complaint alleges the following officials at Corcoran State Prison ("Corcoran") violated Plaintiff's Eighth Amendment rights: (1) Dr. Jong Yeoung Moon; (2) Dr. William McGuiness, current or former Chief Medical Officer; (3) Dr. J. Wang, intermittent Acting Chief Medical Officer; and (4) Dr. Clark, current Chief Medical Officer.

Plaintiff suffers from for eye, foot, and shoulder ailments. The treatment he received for these ailments was allegedly so deficient it violated Plaintiff's Eighth Amendment rights. More specifically, Plaintiff alleges:

**A.    Shoulder**

2

In August 2008 Plaintiff was seen by Dr. Moon for shoulder pain. Dr. Moon ordered an MRI, prescribed pain medication, and referred Plaintiff to a specialist. (Compl. at 4.) On December 1, 2008, the specialist scheduled corrective surgery to be conducted within ninety days. Drs. McGuiness, Wang, and Clark, as Chief Medical Officers, were in charge of approving procedures and ensuring that patients were made available for follow-up appointments. Drs. McGuiness and Wang approved the surgery and Dr. Moon was notified. (Id. at 5.) As of April 10, 2009, the surgery still had not been conducted, and the specialist submitted a second request. After four months, Dr. Moon informed Plaintiff that approval for the procedure had been denied. (Id.) The Chief Medical Officers, Drs. McGuiness, Wang, and now Clark, all denied the surgery and failed to develop an alternative treatment. (Id. at 6, 10, 11, 15.) Dr. Clark denied the surgery in order to save money. (Id. at 10, 11, 15.)

Dr. Moon ordered physical therapy in June 2009, but Plaintiff refused treatment, citing the specialist's orders not to engage in physical activity before surgery. (Id. at 6.) At some point Plaintiff's other shoulder began to hurt, and he repeatedly asked Dr. Moon for an examination. Dr. Moon refused to treat the other shoulder. He informed Plaintiff that the shoulder treatments were out of his hands, and threw Plaintiff out of his office whenever Plaintiff complained about his shoulders. (Id. at 5, 9.) As of May 9, 2011, Plaintiff had not undergone the recommended surgery; his only treatment has been a regimen of pain medication prescribed by Dr. Moon.

**B.     Foot**

Plaintiff saw Dr. Moon in June 2008 for pain in both feet. The Defendant allowed an x-ray of only one of Plaintiff's feet. It showed a fracture, but Dr. Moon did not so inform

3

Plaintiff; Plaintiff learned of the fracture only after he requested and reviewed his medical records. (Id. at 7, 8.)

In August of 2008 a podiatrist prescribed shoe inserts and boots to be picked up from Dr. Moon. After months of delay Dr. Moon intentionally delivered the wrong inserts, telling Plaintiff "'you cry too much.'" (Id. at 8, 10.) Plaintiff eventually received the inserts, but the delay left him with a slow walk and wobble. (Id. at 8.)

**C.   Eye**

Plaintiff suffered from glaucoma. An optometrist conducted a procedure to relieve pressure from one eye. Plaintiff was scheduled for another procedure several weeks later. Drs. McGuiness, Wang, and Clark failed to ensure that Plaintiff was given the opportunity to make this second appointment. (Id. at 14.)

Dr. Moon prescribed Plaintiff nose spray and a steroid inhaler that caused an adverse reaction with Plaintiff's eye drops. Plaintiff informed Dr. Moon, who responded "'you want to breath or see, take your pick.'" (Id. at 9, 13.)

**IV.   ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff's Eighth Amendment allegations can be separated into two groups. First, Plaintiff alleges that Drs. McGuiness, Wang, and Clark impermissibly denied his shoulder surgery and failed to ensure Plaintiff was able to keep his follow-up eye procedure. Second, Plaintiff alleges that Dr. Moon provided inadequate medical care generally.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of

5

the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### A. Serious Medical Needs

In order to establish an Eighth Amendment medical claim, Plaintiff must first sufficiently allege that he had a serious medical need. Jett, 439 F.3d at 1096. Plaintiff alleges that he experienced severe pain and limitations from his shoulder and eye ailments. The Court finds that these conditions present a serious medical need. McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence

of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

Plaintiff makes two separate Eighth Amendment claims based on the treatment he received for his feet. First, he complained to Dr. Moon about pain in both feet. Then, Plaintiff claims his provision of prescribed foot inserts and boots were unnecessarily delayed. As to the former claim, Dr. Moon found the pain worthy of x-ray and the podiatrist recommended orthotics. As to the latter claim, a podiatrist found the condition worthy of treatment. It must be concluded that both problems represented a serious medical need. Mere pain, such as the foot pain of which Plaintiff complained can be a serious medical need if a reasonable doctor found it to be worthy of treatment. Id.; see also Canell v. Bradshaw, 840 F.Supp. 1382, 1393 (D. Or. 1993) (the Eighth Amendment duty to provide medical care applies "to medical conditions that may result in pain and suffering which serve no legitimate penological purpose.") Thus, Plaintiff has satisfied the first element of his Eighth Amendment claim as to all Defendants. The only remaining issue is whether any of the Defendants treated Plaintiff's serious medical needs with deliberate indifference.

**B.     Deliberate Indifference**

    1.     Drs. McGuiness, Wang and Clark

The First Amended Complaint alleges that Drs. McGuiness, Wang, and Clark did not approve Plaintiff's shoulder surgery. A specialist believed that surgery was necessary and the Defendants, all doctors, disagreed. Dr. Moon subsequently prescribed pain medication and physical therapy. Plaintiff alleges that the motivation for Dr. Clark's decision was to cut the cost of prisoner health care.

The fact that Plaintiff and the specialist disagreed with the Defendants' decision, in

7

and of itself, cannot support an Eighth Amendment claim. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (internal citation omitted); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (prison officials were not deliberately indifferent where one physician recommended surgery, but subsequent treating physicians concluded surgery was unnecessary). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff does not provide any factual allegations to support his conclusion that the Defendants' decision to deny surgery was the product of deliberate indifference. The allegation that Dr. Clark's decision was based on cost could suggest deliberate indifference, Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986); however, Plaintiff offers no facts or other support for his claim that Dr. Clark was so motivated. He simply puts forth the bare conclusion. Also, Plaintiff does not allege that pain medication and physical therapy, the prescribed alternative to surgery, was medically unacceptable under the circumstances. Thus, the allegation that the Defendants impermissibly denied Plaintiff's shoulder surgery does not state a cognizable claim.

Plaintiff also fails to state a claim against Drs. McGuiness, Wang, and Clark for their alleged failure to ensure that Plaintiff attended follow up appointments on time. This claim appears based solely on the allegation that arrangements were not made for a follow-up eye appointment within the time period set by the optometrist. The Court's previous

screening order notified Plaintiff that such an allegation without further facts would not support a deliberate indifference claim. Plaintiff has again failed to correct this deficiency.

The Court's prior screening order advised Plaintiff of the applicable legal standards for these claims. The First Amended Complaint appears to contain all relevant facts known to the Plaintiff and still falls short of satisfying requisite standards. Therefore, further leave to amend would be fruitless. Plaintiff's Eighth Amendment claims against Drs. McGuiness, Wang, and Clark are dismissed with prejudice.

        2.    <u>Dr. Moon</u>

Dr. Moon was Plaintiff's primary care physician at Corcoran and treated his shoulder, feet, and eye complaints. As noted above, all three of Plaintiff's ailments satisfied the "serious medical need" element of an Eight Amendment claim. Plaintiff alleges that Dr. Moon responded to these serious medical needs with deliberate indifference.

Plaintiff alleges that he experienced pain in the shoulder opposite the one being examined by the specialist and requested Dr. Moon examine it. Dr. Moon allegedly refused, cited the fact that shoulder treatment was out of his hands and removed Plaintiff from the office. There is no indication that Dr. Moon was acting with deliberate indifference. Dr. Moon explained that another physician was in charge of treating Plaintiff's shoulder. At this point Plaintiff had seen a specialist and was authorized to be treated by a physical therapist. It is not deliberate indifference to defer to a specialist. Plaintiff's claim against Dr. Moon related to treatment of his shoulder is dismissed with prejudice.

The First Amended Complaint alleges that Dr. Moon performed x-rays on one foot in spite of the fact that Plaintiff complained of pain in both feet. The single x-ray showed

a fracture. Dr. Moon never informed Plaintiff of the fracture and failed to treat the other foot. Plaintiff discovered the fracture through a request of his medical records.

Individuals display a deliberate indifference to a prisoner's well-being when they consciously disregard an excessive risk of harm to that detainee's health or safety. Farmer, 511 U.S. at 837-38. Plaintiff alleges a constitutional violation based on Dr. Moon forcing Plaintiff to chose which of his feet would receive treatment. As discussed , the pain in Plaintiff's feet was a serious medical need. Dr. Moon was allegedly aware of the complaint with regard to both feet; he forced Plaintiff to choose between them. Dr. Moon exhibited deliberate indifference by consciously ignoring Plaintiff's serious medical need in his untreated foot. Plaintiff states a cognizable Eighth Amendment claim against Dr. Moon for the failure to treat both of his feet.

Plaintiff further alleges that Dr. Moon intentionally ordered incorrect foot inserts and delayed his care for months. The "intentional" allegation is merely that and nothing more, i.e., an empty allegation without any factual basis. Plaintiff was notified in the Court's previous screening order that mere conclusion cannot be used to develop a cognizable claim. Plaintiff's claim based on Dr. Moon's alleged conduct with regard to Plaintiff's shoe inserts is dismissed with prejudice.

Lastly, Plaintiff alleges that Dr. Moon knowingly prescribed nose spray and a steroid inhaler that negatively interacted with Plaintiff's glaucoma eye drops. Prison personnel risk Eighth Amendment liability if they knowingly prescribe specifically contraindicated medications, fail to treat a known, serious medical condition, or ignore a physician's prescribed treatment. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989); Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989); Wakefield v. Thompson, 177 F.3d 1160

(9th Cir. 2003). Again, Plaintiff merely concludes that Dr. Moon' prescription of medically contraindicated medications was intentional, but provides no facts in support of the claim. However, Plaintiff also alleges that when Plainitff advised Dr. Moon of the adverse reaction from using the two drugs simultaneously, Dr. Moon responded: "'you want to breath or see, take your pick.'" Once Dr. Moon became aware of the problems resulting from allegedly conflicting medications, he again forced Plaintiff to chose which of Plaintiff's ailments were to be treated. Forcing that choice on Plaintiff exhibits deliberate indifference on the part of Dr. Moon. Plaintiff states a cognizable Eighth Amendment claim against Dr. Moon for forcing Plaintiff to chose between breathing or sight.

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint sets forth a cognizable claim against Defendant Moon for violating his Eighth Amendment right to be free from cruel and unusual punishment. There are no other cognizable claims in the Complaint.

Accordingly, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's First Amended Complaint, filed May 19, 2011, against Defendant Moon for violations of the Eighth Amendment;

2.     All other claims be dismissed with prejudice for failure to state a claim under Section 1983.


IT IS SO ORDERED.

Dated:   September 29, 2011          /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE

11