IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE F. BUTLER, | 1:09-cv-02074-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL AND/OR A MOTION FOR RECONSIDERATION |
| vs. | |
| JONG YEOUNG MOON, et al., | (ECF No. 16) |
| Defendants. | |
| _____/ | |

Plaintiff Maurice F. Butler ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2011, Plaintiff filed a motion seeking an extension of time to file a notice of appeal and/or a motion for reconsideration of the Court's September 30, 2011, screening order. (Mot., ECF No. 16.) The September 30, 2011 screening order dismissed with prejudice some of Plaintiff's claims against Defendant Moon and all of the claims against the remaining Defendants. (ECF No. 15.)

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff an extension of time to file a notice of appeal provided that the motion is timely and it demonstrates excusable neglect or good cause. Plaintiff's motion for an extension of time was timely, but the Court finds it does not make the requisite showing of excusable neglect or good cause.

Plaintiff's only grounds for an extension are that he is proceeding pro se and the law

librarian was fired. (Mot. at 2.) Given that Plaintiff was able to file a two-page motion seeking an extension of time, it is unclear why Plaintiff could not file a timely notice of appeal in compliance with Federal Rule of Appellate Procedure 3(c), the requirements of which are minimal. Because Plaintiff has not shown excusable neglect or good cause, his motion for an extension of time is DENIED.[1]

With respect to Plaintiff's request for an extension to file a motion for reconsideration, the motion need only be filed within a reasonable time. For motions brought under Rule 60(b)(1), (2), or (3), a reasonable time is no more than one year after entry of the order at issue. Fed. R. Civ. P. 60(c)(1). The Court is precluded from granting the request for an extension of time to file a motion for reconsideration. Fed. R. Civ. P. 6(b)(2). Inasmuch as the order in question was issued approximately one month ago, Plaintiff does not need an extension of time to seek relief from the order. Fed. R. Civ. P. 60(b); see Lemoge v. United States, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (setting forth the relevant factors in determining what constitutes a reasonable time to bring a motion for reconsideration).

For the reasons set forth herein, Plaintiff's motion for an extension of time to file a notice of appeal and/or a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   November 2, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that in any event, the order Plaintiff desires to appeal is not yet final in that it did not conclude the action and result in the entry of judgment. Fed. R. Civ. P. 54(b); Fed. R. App. P. 4(a). Until the Court has entered final judgment on all of Plaintiff's claims, an appeal of the screening order would be premature.