# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE F. BUTLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONG YEOUNG MOON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-02074-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 20) |

　　　　Plaintiff Maurice F. Butler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  On September 30, 2011, the Court screened Plaintiff's First Amended Complaint. (Order, ECF No. 15.) Plaintiff alleged inadequate medical care related to shoulder, foot, and eye ailments.  The Court found cognizable Eighth Amendment claims against Defendant Moon for his failure to adequately treat Plaintiff's foot and eye. (Id. at 10, 11.)  All remaining claims and Defendants were dismissed with prejudice. (Id. at 11.)

　　　　On October 31, 2011, Plaintiff filed a Motion for Reconsideration, asking that the Court reconsider only Plaintiff's claims regarding the treatment of his shoulder. (Mot., ECF No. 20, p. 10.)  Plaintiff asserts that the Court's September 30, 2011 Screening Order misinterpreted some of the factual allegations made in the First Amended Complaint and part of the basis for his claim. (Id. at 7.)

　　　　The Court understood that Plaintiff's claim regarding his shoulder impairment was based on the allegation that Defendants exhibited deliberate indifference by disapproving

surgery. (Order, ECF No. 15.) The September 30, 2011 Screening Order reported Plaintiff's allegation that all the Defendants eventually denied the surgery. (Id. at 7.) In the motion now before the Court, Plaintiff asserts that the Court made two errors in its Screening Order: (1) attributing the denial of surgery to all of the Defendants when in fact Dr. Clark alone denied the surgery; and (2) stating that Plaintiff's shoulder claim was based only on the denial of the surgery and omitting the additional allegation that the alternative treatment was medically unacceptable under the circumstances. (Mot., ECF No. 20.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not met the standard for reconsideration of an order. Plaintiff has only clarified his allegations and has not presented new factual allegations that change the Court's analysis. Plaintiff fails to show that the Court committed error.

Plaintiff has made clear that he alleges that Dr. Clark alone denied the surgery. This

1  does not change the fact that the surgery was denied because of a difference of opinion.
2  As the Court explained in its Screening Order: "'[A] difference of opinion between a
3  prisoner-patient and prison medical authorities regarding treatment does not give rise to
4  a § 1983 claim.' Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (internal citation
5  omitted); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (prison officials were
6  not deliberately indifferent where one physician recommended surgery, but subsequent
7  treating physicians concluded surgery was unnecessary)." (Order at 8.)  The factual
8  distinction raised by Plaintiff does not change the color of his argument. Whether all of the
9  Defendants disagreed with the specialist and denied the surgery or only Defendant Clark
10 did so, this basis of Plaintiff's claim is still a difference of opinion and does not rise to
11 deliberate indifference.  Plaintiff still has not stated a claim for inadequate medical care
12 against the Defendants based on their disapproval of surgery.

13         The second basis of Plaintiff's motion, that medication and physical therapy were
14 medically unacceptable alternatives to surgery, was previously addressed in the Screening
15 Order.  In that order, the Court noted that Plaintiff did not allege a medically unacceptable
16 course of treatment.  (Id.)  Plaintiff now argues that the Court misinterpreted the First
17 Amended Complaint and that Plaintiff made precisely that allegation. Plaintiff renews his
18 allegation that the alternative treatment was medically unacceptable in light of the
19 specialist's conclusion that physical therapy was to be avoided until surgery. (Mot., ECF
20 No. 20 at 8.) Plaintiff's allegation is still based on a difference of opinion between medical
21 professionals; the specialist believed surgery was the best option and Dr. Clark disagreed.
22 Dr. Moon then prescribed an alternative of physical therapy and medication.  The fact that
23 the alternative treatment conflicts with the specialist's first choice does not mean that the
24 Defendants who prescribed or endorsed the alternative exhibited deliberate indifference.
25 Sanchez, 891 F.2d at 242. Again, Plaintiff has not stated a claim for inadequate medical
26 care against the Defendants based on the prescribed alternative treatment.

27         Plaintiff's motion has clarified his allegations but has not shown clear error or other
28 meritorious grounds for relief.  He has not met the burden imposed on a party moving for

1 | reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.

2 |     Plaintiff's Motion for Reconsideration (ECF No. 20) is DENIED, with prejudice.

4 | IT IS SO ORDERED.

5 | Dated:   November 20, 2011       /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE