# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE F. BUTLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONG YEOUNG MOON, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-2074-MJS<br><br>AMENDED SECOND INFORMATIONAL ORDER - NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT MOON'S MOTION TO DISMISS<br><br>(ECF No. 24) |

　　　Plaintiff Maurice F. Butler ("Plaintiff") is proceeding pro se in this civil action. Defendant Moon filed a motion to dismiss for failure to exhaust on December 30, 2011. Pursuant to <u>Woods v. Carey</u>, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

　　　1.　Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

　　　2.　Plaintiff is required to file an opposition or a statement of non-opposition to Defendant Moon's motion to dismiss. Local Rule 230(l). Plaintiff has filed an opposition to Defendant Moon's motion to dismiss, but will be given leave to supplement his opposition if he so wishes. Plaintiff's supplemental opposition, if any, must be filed not more than 21 days after the date of service of this order. <u>Id.</u>

　　　3.　Defendant Moon has filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the First Amended Complaint. The

1 failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b)
2 motion to dismiss. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's &
3 Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a
4 motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and
5 decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20 (quoting Ritza, 837 F.2d at
6 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies,
7 the unexhausted claims must be dismissed and the Court will grant the motion to dismiss.
8 Wyatt, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed,
9 which means Plaintiff's case is over. If some of the claims are exhausted and some are
10 unexhausted, the unexhausted claims will be dismissed and the case will proceed forward
11 only on the exhausted claims. Jones v. Bock, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-
12 26 (2007). A dismissal for failure to exhaust is without prejudice. Wyatt, 315 F.3d at 1120.

13 If responding to Defendant Moon's unenumerated 12(b) motion to dismiss for failure
14 to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the
15 complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in
16 declaration(s) and/or by submitting other evidence regarding the exhaustion of
17 administrative remedies. See Fed. R. Civ. P. 43(c); Ritza, 837 F.2d at 369. If Plaintiff does
18 not submit his own evidence in opposition, the Court may conclude that Plaintiff has not
19 exhausted the administrative remedies and the case will be dismissed in whole or in part.

20 4. Unsigned declarations will be stricken, and declarations not signed under penalty
21 of perjury have no evidentiary value.

22 5. The failure of any party to comply with this order, the Federal Rules of Civil
23 Procedure, or the Local Rules of the Eastern District of California may result in the
24 imposition of sanctions including but not limited to dismissal of the action or entry of
25 default.

26 ///
27 ///
28 ///

1 | Plaintiff shall have twenty one (21) days after the date of service of this Second
2 | Informational Order to file his response to Defendant Moon's motion to dismiss.

IT IS SO ORDERED.

Dated:   July 30, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE