# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE F. BUTLER, | CASE NO.   1:09-cv-002074-MJS (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT MOON'S MOTION TO DISMISS |
| v. | (ECF Nos. 24, 25, 26, 35) |
| JONG YEOUNG MOON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Maurice F. Butler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff and Defendant Moon have consented to Magistrate Judge jurisdiction.  (ECF Nos. 9 & 29.)

Plaintiff began this action by filing his Complaint on February 18, 2009.  (ECF No. 1.)  On March 22, 2011, the Court screened Plaintiff's Complaint and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint.  (Order, ECF No. 11.)  Plaintiff filed his First Amended Complaint on May 19, 2011.  (Am. Compl., ECF No. 14.)  On September 30, 2011, the Court screened Plaintiff's First Amended Complaint and found that Plaintiff stated a cognizable claim.  (Order, ECF No. 15.)  Thus, this action is currently proceeding against Defendant Moon for allegedly violating the Eighth Amendment by acting with deliberate indifference to Plaintiff's serious medical needs.  (Id.)


On December 30, 2011, Defendant Moon filed a motion to dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). (ECF No. 24.) Plaintiff filed an opposition to the motion to dismiss on January 31, 2012. (ECF No. 25.) Defendant Moon filed a reply on February 6, 2012. (ECF No. 26.) On July 31, 2012, pursuant to Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of his rights, obligations and methods for opposing the motion and gave him an opportunity to file a supplemental opposition by August 24, 2012. (ECF No. 35.) August 24, 2012 has since passed without Plaintiff filling a supplemental opposition or any other response. The motion to dismiss is now ready for ruling.

## I.   **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints, and at the time of the events in question, the process was initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2010). During the relevant time period, four levels of appeal were

involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level," and appeals had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1]  To properly exhaust the administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense under which defendants have the burden of proving the plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust the administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

The Ninth Circuit has held that the standards established in Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002), are appropriately applied to ascertain whether prisoner grievances/appeals are sufficient to notify prison personnel of a problem for exhaustion purposes. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009.) "[I]f prison regulations do not prescribe any particular content for inmate grievances, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendant Moon's motion.

demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.'" Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). In addition, where a prison's appeal process does not specifically require a prisoner to identify offending prison staff in an inmate grievance/appeal, the failure to do so will not be seen as a per se failure to exhaust a claim against a defendant who was not named in the prison grievance/appeal process. Jones, 549 U.S. at 200-201. However, the grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Griffin, supra, 557 F.3d at 1121.

## II. ANALYSIS

### A. Plaintiff's Claim

Plaintiff's inadequate medical care claim arises out of two separate incidents. First, Plaintiff alleges that when he saw Defendant Moon in June 2008 for pain in his feet, Defendant Moon authorized an x-ray to be taken of one foot only, even though Plaintiff complained of pain in both feet. (Am. Compl. at 7-8.) The x-ray showed that Plaintiff's foot had been fractured. (Id.) Dr. Moon allegedly did not inform Plaintiff about the fracture; Plaintiff learned about it only after he requested and reviewed his medical records. (Id.) Secondly, Defendant Moon prescribed Plaintiff a nose spray and steroid inhaler that caused an adverse reaction with Plaintiff's eye drops. (Id. at 9, 13.) Plaintiff informed Dr. Moon of this problem, but Dr. Moon told him to choose between the nasal and eye treatments. (Id.)

### B. Plaintiff's Inmate Appeals and Analysis

Plaintiff was transferred to California State Prison, Corcoran ("CSP-Corcoran") on April 8, 2008. (Am. Compl. at 17.) It appears that during his time there, he filed numerous inmate appeals. (Foston Decl. ¶ 6, Ex. 1.) Defendant Moon broke Plaintiff's inmate appeals into two groups: 1) appeals filed from the date of Plaintiff's arrival at CSP-Corcoran to August 1, 2008, and 2) appeals filed from August 8, 2008 to the date Plaintiff initiated this action.

A review of the Plaintiff's appeals shows that Plaintiff only perfected one appeal to the required fourth level of review between April 8 and August 1, 2008. (Foston Decl. at ¶ 6, Ex. 1.) This appeal only involved an issue with Plaintiff's medical records, and does not concern either of Plaintiff's cognizable Eighth Amendment claims on which he is currently proceeding. (Id.)

A review of Plaintiff's appeals from August 8, 2008 to November 19, 2009, the date Plaintiff initiated this action, shows that Plaintiff only perfected one appeal during this time period. (Compl., ECF No. 1; Zamora Decl. at ¶ 6, Ex. 1 at 15-16.) This was appeal number OTLA-51–08-10380, and it was initiated May 14, 2008. (Zamora Decl. at ¶ 7, Ex. 2.) This appeal was initiated before Defendant Moon allegedly neglected to properly treat Plaintiff's feet. (Id.) Plaintiff mentions Defendant Moon in this appeal, but only at the second level of the appeal. (Zamora Decl. at ¶ 7, Ex. 2.) On the second level of the appeal, Plaintiff stated "[he] told Dr. Moon [his] feet hurt, but [Defendant Moon] only ordered a left foot x-ray." (Id.) Since Plaintiff only raised the issue of Defendant Moon's failure to treat his feet at the second level of the appeal, the appeal was not sufficient for exhaustion purposes because it failed to adequately notify the prison of his claim against Defendant Moon. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance is only sufficient if "it alerts the prison to the nature of the wrong for which redress is sought").

Plaintiff argues that he has exhausted his administrative remedies, but none of the grievances he refers to satisfy the exhaustion requirements for the claims he pursues here. In opposition to Defendant Moon's Motion, Plaintiff submitted three grievances he filed, two of which concern incidents that occurred in 2009 and one concerns his asthma and breathing problems. (Pl.'s Opp'n, ECF No. 25, at 6-22.) The grievances regarding incidents in 2009 do not concern the incidents at issue in the Amended Complaint; both concern medical care Plaintiff received for his toe and shoulder in 2009 after the foot incident alleged in Plaintiff's Amended Complaint. (Pl.'s Opp'n at 6-17.) One appeal, log number COR-09-10-10258, mentions a discussion with Doctor Moon regarding Plaintiff's asthma and breathing problems, but it does not deal with the medical care at issue in

Plaintiff's action. (Id. at 7.) It cannot be used for exhaustion purposes in this action. Plaintiff's arguments in opposition are ineffectual because the grievances either do not relate to the incidents at issue in his Amended Complaint or were not appealed to the fourth level of review.

Defendant Moon has satisfied his burden of demonstrating that Plaintiff failed to exhaust administrative remedies. Plaintiff did not perfect any of the appeals that could be considered to relate to the wrongdoings at issue in this action. None of Plaintiff's grievances contained enough specificity to notify prison officials of the alleged wrongdoings here at issue. Defendant Moon's motion to dismiss should be granted in its entirety and this action should be dismissed without prejudice.

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that Defendant's Moon's motion to dismiss (ECF No. 45) be granted and that this action be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:    August 30, 2012                        /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE